UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT BIAS,<br>            Plaintiff | Civil Action No.<br>3:16-cv-00623-JJB-RLB |
| | Consolidated With:<br>3:16-cv-00625-JJB-RLB |
| versus | |
| | District Judge<br>James J. Brady |
| CB&I, INC. AND JOHN WALL,<br>            Defendants | Magistrate Judge<br>Richard L. Bourgeois, Jr |

## JOINT RULE 26(f) STATUS REPORT

Pursuant to the Court's September 28, 2016, Order [Rec. Doc. 5], Plaintiff Scott Bias (hereinafter "Plaintiff" or "Bias") and Defendant, CB&I LLC, formerly CB&I Inc. (hereinafter "Defendant" or "CB&I"), hereby submit their Joint Rule 26(f) Status Report, stating as follows:

**A.    JURISDICTION**

*What is the basis for the jurisdiction of the Court?*

Federal-question jurisdiction, 28 U.S.C. §1331.

**B.    BRIEF EXPLANATION OF THE CASE**

1. *Plaintiff's Claims:* Plaintiff was subjected to a racially and sexually hostile work environment while employed by Defendant, CB&I, LLC; in addition to having been sexually assaulted, battered and constructively discharged in violation of Title VII of the Civil Rights Act of 1964, as amended.

2. *Defendant CB&I LLC's Claims:* Defendant makes no claims against Plaintiff and set out its defenses and avoidances in its Answer. Defendant denies any liability to Plaintiff whatsoever.

**C.  PENDING MOTIONS**

*List any pending motion(s), the date filed, and basis of the motion(s):* No motions are pending.

**D.  ISSUES**

*List the principal legal issues involved and indicate whether or not any of these issues are in dispute:*

The legal issues in dispute are whether Plaintiff has a valid cause of action for race discrimination, sexual harassment, hostile work environment and various claims for injury as stated in his Petitions.

**E.  DAMAGES**

*Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:*

> *Plaintiff's calculation of damages*: Plaintiff is unable to fully calculate damages at this time; however, he avers that his damages are in excess of five hundred thousand dollars, and will include, special, general and punitive damages (if appropriate).
>
> 3.  *Defendant's calculation of offset and/or plaintiff's damages:* Defendant currently makes no claims against Plaintiff for damages and is currently without sufficient information to assess the nature and extent of any offset against damages claims asserted by Plaintiff.  Generally, Defendant denies any liability to Plaintiff whatsoever for any damages.
>
> **4.**  *Counterclaimant/cross claimant/third party's calculation of damages:* Not applicable.

**F.     SERVICE**

*Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:* Defendant Wall remains unserved.

**G.     DISCOVERY**

    1.     *Initial Disclosures*

        a.     *Have the initial disclosures required under FRCP 26(a)(1) been completed?*

[ ]   YES     [ X ]   NO

*In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to the initial disclosures during the FRCP 26(f) conference and states the objection below.*

        b.     *Do any parties object to initial disclosures?*

[ ]   YES     [ X ]   NO

*For any party who answered yes, please explain your reason for objecting.*

    2.     *Briefly describe any discovery that has been completed or is in progress:*

*By Plaintiff(s):*

No discovery has been completed by Plaintiff.

*By Defendant(s):*

Defendant has not sought discovery at this time.

    3.     *Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)* As this is an employment

3

discrimination case with mental distress damages, there are medical records Defendant will seek that will likely be subject to a protective order. Additionally, Defendant anticipates that Plaintiff will seek information in discovery that Defendant considers proprietary or otherwise requires protection. The parties do not anticipate any trouble agreeing to the terms of a protective order consistent with this type of case.

4. *Discovery from experts:*

   *Identify the subject matter(s) as to which expert testimony will be offered:*

   *Plaintiff(s):* At this time, Plaintiff does not anticipate offering expert testimony, aside from that concerning medical treatment, vocational rehabilitation and the like, but reserves the right to designate experts in accordance with the Federal Rules of Civil Procedure and this Court's scheduling order.

   *Defendant(s):* At this time, Defendant does not anticipate offering expert testimony, but reserves the right to designate experts in accordance with the Federal Rules of Civil Procedure and this Court's scheduling order.

H. **PROPOSED SCHEDULING ORDER**

   1. *If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:* _____.

   2. *Recommended Deadlines to join other parties or to amend the pleadings:* <u>December 15, 2015</u>                    .

   3. *Filing of all discovery motions and completing all discovery except experts:* <u>July 31, 2017</u>              .

4. *Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):*

    *Plaintiff(s):* July 31, 2017 .

    *Defendant(s):* July 31, 2017 .

5. *Exchange of expert reports:*

    *Plaintiff(s):* August 31, 2017 .

    *Defendant(s):* September 30, 2017 .

6. *Completion of discovery from experts:* 15 days before trial .

7. *Filing of dispositive motions and Daubert motions:* September 15, 2017 .

8. *All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.*

    a. *Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).*

    b. *Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).*

    c. *Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).*

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

        d.       *Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).*

        e.       *Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).*

        f.       *Trial date (approximately 27-29 weeks after dispositive deadline).*

9.    *If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.*

**I.    TRIAL**

1.    *Has a demand for trial by jury been made?*

        [ X ]    YES    [ ]    NO

2.    *Estimate the number of days that trial will require.*

Plaintiff and Defendant estimates 3-4 days.

**J.    OTHER MATTERS**

*Are there any specific problems the parties wish to address at the scheduling conference?*

        [ ]    YES    [ X ]    NO

    i.    *If the answer is yes, please explain:*

    ii.    *If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?* ***CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.***

        [ X ]    YES    [ ]    NO

**K.   SETTLEMENT**

*1.   Please set forth what efforts, if any, the parties have made to settle this case to date.*

No demand or response has been made.

*2.   Do the parties wish to have a settlement conference:*

[ X ]   YES   [ ]   NO

*If your answer is yes, at what stage of litigation would a settlement conference be most beneficial?* After discovery is completed and while Motion for Summary Judgment is pending.

**L.   CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

*You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.*

*Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.*

All parties agree to jurisdiction by a Magistrate Judge of this Court:

[ ]   YES   [ X ]   NO

***If you response was "yes" to preceding question, all attorneys and unrepresented parties should sing the <u>attached form</u> to indicate your consent.***

7

Respectfully submitted this 3rd day of November, 2016.

| | |
|---|---|
| /s/ Gordon Dallon Bush, II | */s/ Christopher E. Moore* |
| Gordon Dallon Bush, II | Christopher E. Moore, La. Bar No. 26430 |
| Chet G. Boudreaux | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| Richard F. Zimmerman, III | 701 Poydras Street, Suite 3500 |
| Christopher J. Corzo | New Orleans, LA  70139 |
| C. Chadwick Boykin | Telephone:  (504) 648-3840 |
| Gordon, McKernan Injury Attorneys | Facsimile:  (504) 648-3859 |
| 5656 Hilton Ave. | Electronic Mail: |
| Baton Rouge, LA 70808 | christopher.moore@ogletreedeakins.com |
| cboykin@mckernanlawfirm.com | |
| chet@mckernanlawfirm.com | |
| ccorzo@mckernanlawfirm.com | |
| richard@mckernanlawfirm.com | |
| | |
| Attorney for Plaintiff Scott Bias | Attorneys for Defendant CB&I LLC |