# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SCOTT BIAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-623-JJB-RLB** |
| **CB&I, INC., ET AL.** | **CONSOLIDATED WITH: CV 16-625-JJB-RLB** |
| | **Pertains to Both Cases** |

## ORDER

Before the Court is Defendant CB&I LLC's ("CB&I") Amended Motion to Compel Discovery Responses and for Attorney's Fees (R. Doc. 18) filed on May 22, 2017. CB&I seeks an order compelling Scott Bias ("Plaintiff") to respond fully to interrogatories and requests for production propounded on March 3, 2017. CB&I asserts that despite certain extensions, Plaintiff has not responded to the written discovery requests, with the exception of providing executed authorizations to conduct third-party discovery. CB&I seeks recovery of reasonable expenses incurred in bringing the motion. CB&I did not, however, provide any specific amount of expenses or fees at issue.

The Court ordered Plaintiff to file an expedited response to the instant motion. (R. Doc. 19).

On June 6, 2017, Plaintiff and his lead counsel filed a memorandum indicating that he was providing discovery responses (R. Doc. 20-1) to CB&I that same day. (R. Doc. 20). Plaintiff and his counsel also represent that a "substantial factor" in failing to provide the discovery responses in a timely manner was Plaintiff's out of the country travels, resulting in a failure of communication with defense counsel regarding the outstanding discovery. Plaintiff's

counsel takes full responsibility for this failure and requests that if reasonable expenses are awarded, that Plaintiff's attorney (and not Plaintiff) should be responsible for payment. Plaintiff also requests that no sanctions or other adverse action be ordered in connection with the untimely discovery responses.

Rule 37 of the Federal Rules of Civil Procedure provides the following with regard to the award of reasonable expenses where discovery is provided after the filing of the motion to compel:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

There is no dispute that CB&I attempted to obtain the discovery responses without court action. (*See* R. Doc. 18-7). Furthermore, Plaintiff's counsel's failure to communicate accurately and sufficiently with defense counsel regarding discovery in this action unfortunately led to the need for the instant motion. Although it is not completely clear to the Court how this miscommunication occurred, these facts do not constitute substantial justification for Plaintiff's failure to respond to the discovery requests or otherwise constitute a circumstance that would

make an award of expenses unjust.  The Court agrees that no sanctions or other adverse action is warranted.

Based upon the foregoing,

**IT IS ORDERED** that CB&I LLC's ("CB&I") Amended Motion to Compel Discovery Responses and for Attorney's Fees (R. Doc. 18) is **GRANTED**.  As Plaintiff has provided her responses, no further production is ordered at this time.

**IT IS FURTHER ORDERED** that CB&I LLC is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this motion to compel and that Plaintiff's attorney Mr. Bush shall be responsible for such payment.  In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff's counsel shall pay that amount;

(2) If the parties do not agree to a resolution, CB&I LLC shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within 7 days of the filing of CB&I LLC's Motion, file any opposition pertaining to the imposition of the amounts requested by CB&I LLC.

Signed in Baton Rouge, Louisiana, on June 12, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.,* No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.